JiON APPLICATION FOR REHEARING
We grant limited rehearing in order to consider the date from which Fireman’s Fund is to pay legal interest on the judgment in excess of its policy limits.
Our finding that Fireman’s Fund owed interest on the excess judgment is premised on the supplemental payments provision of its policy, which provides that it will pay “[ijnterest accruing after a judgment is *700 entered in any suit” it defends. Fireman’s Fund contends that we erred in holding that it was to pay interst on the judgment in excess of its policy limits from June 2, 1992, the date judgment was rendered in the trial court. Because the judgment of June 2, 1992, was entered in Fireman Fund’s favor, based on the jury’s finding that its insured was free from fault, Fireman’s Fund contends that interest can only be due on the excess judgment from rendition of judgment in this court.
This Circuit previously has considered the question of the date from which legal interest accrues on an award in excess of policy limits in the context of a supplemental payments provision very similar to the one at issue here. In McCrossen v. Bieszczard, 234 So.2d 763, 769 (La.App.4th Cir.1970) (on rehearing), the trial court judgment exceeded the policy limits by $4,600. On appeal, the award was increased by $30,000. The plaintiff argued that the supplemental payments provision of his policy required the insurer to pay interest on the excess judgment awarded by the appellate [2court from the date the trial court judgment was rendered. This Court rejected that argument, finding that the purpose of the policy provision was to prevent the insured from incurring additional interest because of an appeal by the insurer who has control of the litigation. Because the insurer in McCrossen had done nothing to expose its insured to greater liability for payment of legal interest (it had neither appealed nor answered the appeal), this court concluded that interest on the additional excess award of $30,000 made on appeal would accrue only from the date of the appellate opinion until paid. Id. at 769-770.
We, therefore, conclude that Fireman’s Fund is correct that it was error to order payment of legal interest on the judgment in excess of policy limits from June 2, 1992. However, we do not agree that there was no judgment against Fireman’s Fund until our opinion of July 31, 1996. On February 20, 1995, the Supreme Court determined that Fireman’s Fund’s insured was negligent and caused the accident in which the plaintiff was injured. Ferrell v. Fireman’s Fund Ins. Co., 94-C-1252, pp. 6-7 (La. 2/20/95), 650 So.2d 742, 747. The Supreme Court remanded the case to this court solely to apportion fault and to determine damages. The Supreme Court’s judgment was a final, unappealable determination that Fireman’s Fund’s insured was at fault. Following the Supreme Court’s decision Fireman’s Fund could have avoided the supplementary payments provision by tendering its policy limits. See Dobson v. Aetna Casualty & Surety Co., 484 So.2d 976, 984-985 (La.App. 3d Cir.1986). It chose not to do so. Therefore, it is responsible for interest on that amount in excess of its remaining policy limits of $17,500 from February 20,1995, the date of the Supreme Court’s decision.
We, therefore, amend our original opinion to provide that Fireman’s Fund is to pay legal interest on the remaining amount of its per incident policy limits from February 20, 1995, the date judgment was rendered by the Supreme Court. Except asjjjinodified, our original opinion stands.